No. 99,348

In the Matter of CLYDE E. LEE, *Respondent.*

(180 P.3d 552)

Opinion filed March 28, 2008.

*Janith A. Davis*, deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett*, disciplinary administrator, was with her on the formal complaint for the petitioner.

No appearance by respondent.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Clyde E. Lee, of Texarkana, Texas, an attorney admitted to the practice of law in Kansas. The formal complaint filed against the respondent alleged violations of Kansas Rule of Professional Conduct (KRPC) KRPC 1.15(d) (2007 Kan. Ct. R. Annot. 473) (safekeeping property). The formal complaint was served upon Clyde Evans Lee by registered mail at his address in Texarkana, Texas. The return receipt was signed by respondent indicating the complaint was delivered to him on December 10, 2007.

In the proceeding before this court, Deputy Disciplinary Administrator, Janith A. Davis, appeared. The respondent did not appear although he had been served with a final report of the hearing before a panel of the Kansas Board for Discipline of Attorneys. On the day of this hearing, respondent Clyde E. Lee contacted the Clerk of the Kansas Appellate Courts to report that while he meant no disrespect to the court he would be unable to attend the hearing "due to logistics."

At the hearing held before a panel of the Kansas Board for Discipline of Attorneys, the office of the Disciplinary Administrator was represented by Janith A. Davis. The respondent did not appear. Upon the conclusion of the hearing, the panel made the following findings of fact and conclusions of law together with its recommendations to this court:

## "FINDINGS OF FACT

"The Hearing Panel finds the following facts, by clear and convincing evidence:

"1. Clyde E. Lee (hereinafter 'the Respondent') is an attorney at law. . . . His last registration address with the Clerk of the Appellate Courts of Kansas is . . . Texarkana, Texas. . . . The Respondent's current address is . . . Texarkana, Texas. . . . The Respondent was admitted to the practice of law in the State of Kansas on September 14, 1978. The Respondent has never engaged in the active practice law of law in Kansas. In 1987, and thereafter, the Respondent failed to comply with the annual licensing requirements in the State of Kansas. As a result, the Respondent's license to practice law in the State of Kansas has been suspended for nearly 20 years.

"2. The State Bar of Texas admitted the Respondent to the practice of law on November 12, 1979. . . . The Respondent has engaged in the active practice of law in the State of Texas. [Footnote: On September 16, 2006, the State Bar of Texas suspended the Respondent's license to practice law for failing to pay 'dues and taxes.' At the time of the hearing on this matter, the Respondent was eligible to practice law again; however, he had not obtained the reinstatement of his license.]

"3. The State Bar of Texas has previously disciplined the Respondent on five occasions. [Footnote: The Respondent never informed the disciplinary authorities in the State of Kansas of the fact that the had been repeatedly disciplined in the State of Texas.]

"4. . . . [O]n November 1, 1993, . . . the State Bar of Texas suspended the Respondent's license to practice law for three months, for having violated Rules 1.01(b)(1), 1.03(a), 1.15(a)(3), and 8.01(b) of the Texas Disciplinary Rules of Professional Conduct. The imposition of the suspension was stayed and the Respondent was placed on probation for three months.

"5. In that case, on April 19, 1991, James R. Lammert hired the Respondent to modify a divorce decree. Mr. Lammert paid the Respondent $375 for the Respondent's services. Thereafter, the Respondent wholly failed to provide any meaningful legal services to Mr. Lammert, the Respondent failed to keep Mr. Lammert reasonably informed about the status of the matter, the Respondent failed to comply with reasonable requests for information, and the Respondent forced Mr. Lammert to expend $168.08 on long distance telephone calls to the Respondent, which were not returned. After Mr. Lammert dismissed the Respondent, the Respondent further failed to return Mr. Lammert's file to him after being requested to do so. Finally, the Respondent knowingly failed to respond to the complaint in this matter after bring properly notified by the State Bar of Texas.

"6. On December 8, 1995, . . . the State Bar of Texas suspended the Respondent's license to practice law for a period of five years, for having violated Rules 1.01(b)(1), 1.01(b)(2), 1.03(a), 1.15(d), 8.01(b), and/or 8.04(a)(3) of the Texas Disciplinary Rules of Professional Conduct. The Respondent was ordered to serve an actual suspension of one month. Thereafter, the remaining four years

and 11 months suspension was stayed and the Respondent was ordered onto probation.

"7.   In that case, on August 10, 1993, Charlene Bond hired the Respondent to represent her uncle, Isreal J. Bazell, in a foreclosure proceeding. On that date, Ms. Bond paid the Respondent $600 for attorneys fees and court costs.

"8.   The Respondent prepared the notice of foreclosure but was unsuccessful in obtaining service of the notice on the appropriate party. The Respondent thereafter failed to perform any additional legal services on Mr. Bazell's behalf. In addition, the Respondent failed to respond to Ms. Bond's and Mr. Bazell's frequent requests for information. The Respondent failed to communicate with Ms. Bond and Mr. Bazell regarding the status of the foreclosure.

"9.   The Respondent later closed his law office but failed to notify Ms. Bond and Mr. Bazell of his new address and telephone number. On November 10, 1993, M. Nicol Padway, an attorney who represented Mr. Bazell on related matters, requested information from the Respondent regarding the status of the foreclosure proceeding. The Respondent failed to respond to Ms. Padway's request for information. Notwithstanding the fact that he failed to complete the legal services he was hired to perform, at no time has the Respondent refunded any unearned attorneys fees to Ms. Bond.

"10.   Finally, the Respondent failed to cooperate in the investigation of the complaint.

"11.   The State Bar of Texas disciplined the Respondent for a third time on December 13, 1995. In that case, . . . . the State Bar of Texas suspended the Respondent's license to practice law for a period of 50 months, for having violated Rule 1.01(b)(1), 1.03(a), 1.04(a), and 8.01(b) of the Texas Disciplinary Rules of Professional Conduct. The State Bar of Texas ordered the Respondent to serve an actual suspension of 60 days from December 13, 1995. Thereafter, the remaining 48 months' suspension was stayed and the Respondent was ordered onto probation.

"12.   In that case, on December 9, 1993, the Respondent was retained by Gloria Mitchell to handle the probate of the estate of her late aunt. Because Ms. Mitchell is from California, her only meeting with the Respondent took place on the morning of her aunt's funeral. At that time, Ms. Mitchell paid the Respondent $320 in cash. The next day, Ms. Mitchell returned to the Respondent's office and paid an additional $200 in cash, which was received by the Respondent's wife. Thereafter, Ms. Mitchell was unable to contact the Respondent regarding the status of the probate matter. Further, Ms. Mitchell's authorized agent in Bowie County, Texas, Roland Jones, heard from the Respondent on only one occasion, at which time the Respondent apologized for not taking action on the probate matter. Finally, the Respondent failed to return papers belonging to Ms. Mitchell after it was obvious that he was going to take no action on the probate matter.

"13.   After Ms. Mitchell filed a complaint against the Respondent, the Respondent failed to respond in writing to the complaint.

"14.   On November 7, 2003, the State Bar of Texas disciplined the Respondent for the fourth time. In that case, . . . the State Bar of Texas issued a judgment of public reprimand against the Respondent, for having violated Rules 1.01(b)(1), 5.03(a), 5.03(b)(1), 5.03(b)(2), and 5.05 of the Texas Disciplinary Rules of Professional Conduct.

"15.   The State Bar of Texas issued a judgment of public reprimand against the Respondent because on December 17, 2002, the Respondent sent a paralegal, Anthony Lusk, rather than an attorney, with Jacquelyn Hendrix, a client, to her deposition. The paralegal practiced law without a license by entering into agreements and lodging objections on the record of the deposition.

"16.   Finally, on April 21, 2005, the State Bar of Texas issued a judgment of public reprimand against the Respondent, . . . for having violated Rule 1.15(d) of the Texas Disciplinary Rules of Professional Conduct.

"17.   On March 2, 2003, Carla Dickerson hired the Respondent to represent her in [an] attempt to obtain a legal guardianship of her nephew. Ms. Dickerson paid the Respondent a fee of $475. On December 19, 2003, Ms. Dickerson sent the Respondent a letter terminating the Respondent's representation and requesting that he refund the unearned fee paid by Ms. Dickerson. The Respondent failed to timely respond to this request.

"18.   On October 18, 2006, the Disciplinary Administrator forwarded the original Notice of Hearing and Formal Complaint to the Respondent at the Respondent's last registration address.

### "CONCLUSIONS OF LAW

"1.   Kan. Sup. Ct. R. 215 governs service of process in disciplinary proceedings. That rule provides, in pertinent part, as follows:

'(a)   Service upon the respondent of the formal complaint in any disciplinary proceeding shall be made by the Disciplinary Administrator, either by personal service or by certified mail to the address shown on the attorney's most recent registration, or at his or her last known office address.

. . . .

'(c)   Service by mailing under subsection (a) or (b) shall be deemed complete upon mailing whether or not the same is actually received.' [2007 Kan. Ct. R. Annot. 327.]

In this case, the Disciplinary Administrator complied with Kan. Sup. Ct. R. 215(a) by sending a copy of the Formal Complaint and the Notice of Hearing, *via* certified United States mail, postage prepaid, to the address shown on the Respondent's most recent registration. The Hearing Panel concludes that the Respondent was afforded the notice that the Kansas Supreme Court Rules require.

"2.   Kan. Sup. Ct. R. 202 provides that '[a] final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state.' [2007 Kan. Ct. R. Annot. 257, 258.] Thus, based upon the documents filed in the Texas discipli-

nary proceedings, the Hearing Panel concludes that the Respondent engaged in misconduct.

"3.    In reviewing the facts contained in the documents filed in the Texas disciplinary proceedings, the Hearing Panel concludes that the Respondent violated KRPC 1.3, KRPC 1.4, KRPC 1.15(d), KRPC 1.16(d), KRPC 5.5(b), KRPC 8.1(b), and Kan. Sup. Ct. R. 207(b), as detailed below.

"4.    Attorneys must act with reasonable diligence and promptness in representing their clients. *See* KRPC 1.3 [2007 Kan. Ct. R. Annot. 398]. The Respondent failed to provide diligent representation to Mr. Lammert, Mr. Bazell, and Ms. Mitchell. Because the Respondent failed to act with reasonable diligence and promptness in representing Mr. Lammert, Mr. Bazell, and Ms. Mitchell, the Hearing Panel concludes that the Respondent violated KRPC 1.3.

"5.    KRPC 1.4(a) provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' [2007 Kan. Ct. R. Annot. 413.] In this case, the Respondent violated KRPC 1.4(a) when he failed to adequately communicate with Mr. Lammert, Ms. Bond, Mr. Bazell, and Ms. Mitchell. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.4(a).

"6.    Lawyers must return unearned fees. 'The lawyer shall . . . [p]romptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive.' KRPC 1.15(d)(2)(iv) [2007 Kan. Ct. R. Annot. 473, 475]. The Respondent violated KRPC 1.15(d)(2)(iv) when he failed to refund the unearned fees paid by Mr. Lammert, Ms. Bond, Ms. Mitchell, and Ms. Dickerson. As such, the Hearing Panel concludes that the Respondent violated KRPC 1.15(d)(2)(iv).

"7.    KRPC 1.16(d) provides:

'Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law." [2007 Kan. Ct. R. Annot. 487, 488.]

Because the Respondent failed to return the unearned fees to Mr. Lammert, Ms. Bond, Ms. Mitchell, and Ms. Dickerson, the Hearing Panel concludes that, therefore, the Respondent violated KRPC 1.16(d).

"8.    KRPC 5.5 prohibits the unauthorized practice of law. Specifically, KRPC 5.5(b) prohibits attorneys from 'assist[ing] a person who is not a member of the bar in the performance of activity that constitutes the unauthorized practice of law.' [2007 Kan. Ct. R. Annot. 539.] The Hearing Panel concludes that the Respondent assisted Mr. Lusk in the unauthorized practice of law in violation of KRPC 5.5(b).

"9.    Lawyers must cooperate in disciplinary investigations. KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b) provide the requirements in this regard. '[A] lawyer in

connection with a . . . disciplinary matter, shall not: . . . knowingly fail to respond to a lawful demand for information from [a] disciplinary authority, . . .' KRPC 8.1(b) [2007 Kan. Ct. R. Annot. 553].

'It shall be the duty of each member of the bar of this state to aid the Supreme Court, the Disciplinary Board, and the Disciplinary Administrator in investigations concerning complaints of misconduct, and to communicate to the Disciplinary Administrator any information he or she may have affecting such matters.' Kan. Sup. Ct. R. 207(b) [2007 Kan. Ct. R. Annot. 288].

The Respondent knew that he was required to forward written responses to the initial complaints—he had been instructed to do so by the State Bar of Texas. Because the Respondent knowingly failed to provide a written response to the initial complaints filed by Mr. Lammert, Ms. Bond, Mr. Bazell, and Ms. Mitchell as requested by the State Bar of Texas, the Hearing Panel concludes that the Respondent violated KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b).

"10. The Kansas Supreme Court Rules require attorneys to file Answers to the Formal Complaints. Kan. Sup. Ct. R. 211(b) provides the requirement:

'The respondent shall serve an answer upon the Disciplinary Administrator within twenty days after the service of the complaint unless such time is extended by the Disciplinary Administrator or the hearing panel.' Kan. Sup. Ct. R. 211(b) [2007 Kan..Ct. R. Annot. 304, 305].

In this case, the Respondent violated Kan. Sup. Ct. R. 211(b) by failing to file a written Answer to the Formal Complaint. Accordingly, the Hearing Panel concludes that the Respondent violated Kan. Sup. Ct. R. 211(b).

"AMERICAN BAR ASSOCIATION
STANDARDS FOR IMPOSING LAWYER SANCTIONS

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated his duty to his clients to provide diligent representation and adequate communication. The Respondent further violated his duty to his clients to return unearned fees. Also, the Respondent violated his duty to the legal profession to refrain from assisting unauthorized individuals from engaging in the practice of law. Further, the Respondent violated his duty to cooperate in disciplinary investigations and proceedings. Finally, the Respondent violated his duty to the legal profession to comply with the annual licensing requirements for 20 years.

"*Mental State.* The Respondent knowingly violated his duties.

"*Injury.* As a result of the Respondent's misconduct, the Respondent caused actual injury to his clients and to the legal profession.

"*Aggravating or Mitigating Factors*. Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"Prior Disciplinary Offenses. The Respondent has been previously disciplined for the misconduct detailed in the Findings of Fact in the State of Texas.

"Dishonest or Selfish Motive. It appears that the Respondent's misconduct was motivated by dishonesty and selfishness. The Respondent failed to return the unearned fees to four separate clients.

"A Pattern of Misconduct. Included in this case are five separate complaints. The complaints involve similar misconduct. Accordingly, the Respondent engaged in a pattern of misconduct.

"Multiple Offenses. The Respondent violated KRPC 1.3, KRPC 1.4, KRPC 1.15(d)(2)(iv), KRPC 1.16(d), KRPC 5.5(b), KRPC 8.1(b), Kan. Sup. Ct. R. 207(b), and Kan. Sup. Ct. R. 211(b). As such, the Respondent committed multiple offenses.

"Bad Faith Obstruction of the Disciplinary Proceeding by Intentionally Failing to Comply with Rules or Orders of the Disciplinary Process. First, the Respondent never reported any of the misconduct to the disciplinary authorities in the State of Kansas. Second, the Respondent knew that he was required to provide written responses to the complaints. The Respondent never filed such responses. Finally, the Respondent knew that he was required to provide an Answer to the Formal Complaint. Again, the Respondent failed in this regard. The Hearing Panel, therefore, concludes that the Respondent obstructed the disciplinary proceeding.

"Substantial Experience in the Practice of Law. The Kansas Supreme Court admitted the Respondent to practice law in 1978. At the time the Respondent engaged in misconduct, the Respondent had been practicing law in Texas for many years. Accordingly, the Hearing Panel concludes that the Respondent had substantial experience in the practice of law at the time he engaged in the misconduct.

"Indifference to Making Restitution. There is no evidence in the record that the Respondent refunded the unearned fees.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the presence of no mitigating circumstances.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client.' Standard 4.11.

'Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client.' Standard 4.12.

'Disbarment is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a client, the public, or the legal system.' Standard 7.1.

## "RECOMMENDATION

"The Deputy Disciplinary Administrator recommended that the Respondent be indefinitely suspended.

"Based upon the findings of fact, conclusions of law, and the Standards, and in addition, because the Respondent failed to comply with the rules of the Kansas Supreme Court for 20 years, the Hearing Panel unanimously recommends that the Respondent be disbarred from the practice of law in the State of Kansas."

The respondent did not file any exceptions to the panel's final report and, thus, the findings of fact in the panel's report are deemed admitted. Supreme Court Rule 212(d) (2007 Kan. Ct. R. Annot. 317).

We conclude that the findings of the hearing panel are supported by clear and convincing evidence, and we adopt the hearing panel's findings of fact and conclusions of law. We also conclude that the panel has fully considered all factors in relation to the appropriate discipline in this case and we adopt its recommendation for discipline.

IT IS THEREFORE ORDERED that respondent, Clyde E. Lee, be and he is hereby disbarred from the practice of law in the state of Kansas, effective on the date of this opinion, in accordance with Supreme Court Rule 203(a)(1) (2007 Kan. Ct. R. Annot. 261).

IT IS FURTHER ORDERED that this opinion be published in the official Kansas Reports and that the costs herein be assessed to Respondent.